UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID FIERST | : | CASE NO. _____ |
| 10286 Clyo Road | : | |
| Dayton, OH 45458 | : | Judge _____ |
| | : | |
| Plaintiff, | : | **COMPLAINT WITH JURY DEMAND** |
| | : | |
| v. | : | |
| | : | |
| OHIO ATTORNEY GENERAL'S OFFICE | : | |
| 441 Vine Street | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| Defendant. | : | |

## I. THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff David Fierst was employed by the Ohio Attorney General's Office ("Defendant" or "AGO").

2.      Defendant has been at all material times an employer under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically Title VII.

4.      Venue in this Court is appropriate under 28 U.S.C. §1391(b) and §1391(c) because the events giving rise to the claims alleged herein occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

5.      Plaintiff was hired in January 2007.

6.      Plaintiff is a white male.

-1-

7.    From October 2007 to his termination, effective July 17, 2015, Plaintiff was employed as an Assistant Attorney General in the Workers' Compensation Section of the Defendant.

8.    From July 2008 to his termination, Plaintiff was assigned to Defendant's Cincinnati Regional Office.

9.    From September 2011 to the date of Plaintiff's termination, James Barnes, black, was the Section Chief of the Workers' Compensation Section.

10.   As the Section Chief, Mr. Barnes exercised supervisory authority over Plaintiff.

11.   When exercising this supervisory authority, Mr. Barnes repeatedly denigrated and demeaned Plaintiff and criticized him unfairly, but did not denigrate and demean and criticize unfairly the black female employees over whom he also exercised supervisory authority.  There was no legitimate non-discriminatory reason for this disparate treatment.

12.   In addition to the disparate treatment referenced in the preceding paragraph, the Defendant, and specifically Mr. Barnes, treated black female employees more favorably than Plaintiff.  There was no legitimate non-discriminatory reason for this disparate treatment.

13.   The disparate treatment referenced in the preceding paragraph extended to advancement and promotion.

14.   For example, upon the recommendation and request of Mr. Barnes, Defendant promoted Barbara Barber, a black female, to the position of Senior Assistant Attorney General in June 2014.

15.   The position of Senior Assistant Attorney General to which Ms. Barber was promoted was a position superior to and of a higher status than the position held by Plaintiff.

16.   Plaintiff had a substantially greater workload than Ms. Barber.

17. Plaintiff was more qualified than Ms. Barber for advancement and promotion.

18. Despite his superior qualifications, Plaintiff was denied advancement and promotion.

19. Defendant discriminated against and denied Plaintiff advancement and promotion because of race and sex.

20. While employed, Plaintiff opposed what he believed to be discriminatory employment practices in the AGO.

21. Defendant's management, including Mr. Barnes, was aware of Plaintiff's opposition.

22. On or about July 17, 2014, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") a Charge of Discrimination.

23. Defendant's management, including Mr. Barnes, became aware of Plaintiff's filing of this Charge of Discrimination shortly after it was filed and while Plaintiff was still employed.

24. On or about July 7, 2015, the EEOC issued with respect to Plaintiff's Charge of Discrimination a Dismissal and Notice of Rights/Notice of Suit Rights ("Notice of Right to Sue").

25. Defendant's management, including Mr. Barnes and Kathleen Madden, Defendant's Human Resources Director, became aware of the EEOC's Notice of Right to Sue shortly after it was issued and while Plaintiff was still employed.

-3-

26.     The Notice of Right to Sue specifically informed Defendant that the EEOC did not, by issuing the notice, certify that Defendant had complied with the anti-discrimination provisions of Title VII.

27.     On July 17, 2015, ten days after the EEOC issued its Notice of Right to Sue, Defendant, through Ms. Madden, notified Plaintiff of the termination of his employment.

28.     Ms. Madden told Plaintiff that in lieu of termination he could resign but would need to do so immediately and without the opportunity to discuss the matter with his attorney.

29.     Plaintiff refused to be bullied into resigning.

30.     The termination of Plaintiff's employment was without warning.

31.     Plaintiff had not been notified, orally or in writing, that his continued employment was in jeopardy.

32.     Indeed, Plaintiff's overall rating on his last annual performance evaluation established he met Defendant's expectations.

33.     In addition, Plaintiff had received a raise in December 2014.

34.     Ms. Madden refused to give Plaintiff a reason for his termination.

35.     There was no legitimate non-discriminatory, non-retaliatory reason for the termination of Plaintiff's employment.

36.     Defendant discriminated against and terminated the employment of Plaintiff because of race and sex and because he had opposed what he believed to be employment discrimination and had filed a Charge of Discrimination with the EEOC.

37.     The discrimination and retaliation alleged herein was willful, malicious and done in gross and reckless disregard of Plaintiff's rights.

-4-

38.     As the result of the wrongful conduct alleged herein, Plaintiff has suffered and will continue to suffer loss of pay and benefits, emotional distress, mental anguish, humiliation and embarrassment.

39.     All conditions precedent to the maintenance of this action under Title VII have been or will be soon be satisfied.

## COUNT I
## (Retaliation)
## (Title VII)

40.     Plaintiff realleges paragraphs 1 through 39 of this Complaint.

41.     By discriminating against Plaintiff and terminating his employment because he filed a Charge of Discrimination with the EEOC and otherwise opposed what he believed to be employment discrimination, Defendant violated Title VII.

## COUNT II
## (Race Discrimination)
## (Title VII)

42.     Plaintiff realleges paragraphs 1 through 41 of this Complaint.

43.     By discriminating against Plaintiff and terminating his employment because of race, Defendant violated Title VII.

## COUNT III
## (Sex Discrimination)
## (Title VII)

44.     Plaintiff realleges paragraphs 1 through 43 of this Complaint.

45.     By discriminating against Plaintiff and terminating his employment because of sex, Defendant violated Title VII.

WHEREFORE, Plaintiff demands judgment against Defendant for an amount to be determined at trial, for interest, costs and attorney's fees. Specifically, Plaintiff demands compensatory damages, back pay and lost benefits, reinstatement or front pay in lieu thereof, attorney's fees and costs, pre and post-judgment interest and all other appropriate legal, declaratory and equitable relief.

Respectfully submitted

*/s/ Martin McHenry*
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
414 Walnut Street, Suite 910
Cincinnati, OH 45202
Phone: 513-241-0441
Fax: 513-241-7863
e-mail: martinm@mmchenrylaw.com

-6-

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

*/s/ Martin McHenry*
**MARTIN McHENRY (0022543)**
Trial Attorney for Plaintiff
414 Walnut Street, Suite 910
Cincinnati, OH 45202
Phone: 513-241-0441
Fax: 513-241-7863
e-mail: martinm@mmchenrylaw.com

-7-